UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Kathleen McKee,<br>individually and on behalf of all others similarly situated,<br>Plaintiff,<br><br>-v.-<br><br>Real Time Resolutions, Inc. and NCA Finance Partners I, LLC,<br><br>Defendant(s). | Civil Action No: 3:21-cv-418<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Kathleen McKee ("Plaintiff"), brings this Class Action Complaint by and through her attorneys, The Emory Law Firm, P.C., against Defendants Real Time Resolutions, Inc., ("Real Time") and NCA Finance Partners I, LLC ("NCA"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, respectfully sets forth, complains, and alleges the following based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). After determining that the existing consumer protection laws were inadequate, Id. § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of North Carolina consumers for damages and declaratory and injunctive relief arising from the Defendants' violation(s) of section 1692 et. seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA").

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of North Carolina, County of Mecklenburg.

8. Defendant Real Time is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, with a service address at c/o CT Corporation System, 160 Mine Lake Ct Ste 200, Raleigh, NC 27615-6417.

9. Upon information and belief, Defendant Real Time is a company that uses the mail, 0telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

10. Defendant NCA is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, with a service address at c/o CT Corporation System, 160 Mine Lake Ct Ste 200, Raleigh, NC 27615-6417.

11. Upon information and belief, Defendant NCA is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

## CLASS ALLEGATIONS

12. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:

    a. all individuals with addresses in the State of North Carolina;

    b. to whom Defendant Real Time sent an initial collection letter;

    c. on behalf of Defendant NCA;

    d. attempting to collect a consumer debt;

    e. in two sub-classes where the letter states:

        1. that the right to collect payments from the recipient are being transferred from NCA to Real Time; or

        2. a 0.00% interest rate but also states an amount of accrued interest that is greater than $0.00; and

    f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

14. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf it attempts to collect and/or has purchased debts.

15. Excluded from the Plaintiff Class is the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and its respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

17. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any

questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as Exhibit A violates 15 U.S.C. §§ 1692e, 1692f, and 1692g.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21. Plaintiff repeats the above allegations as if set forth here.

22. Some time prior to May 12, 2021, Plaintiff allegedly incurred an obligation to non-party Cross River Bank.

23. The alleged debt arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes, specifically medical services.

24. The alleged Cross River Bank obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

25. Real Time is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

26. NCA Finance Partners, LLC Medical is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

27. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of themselves or other creditors using the United States Postal Services, telephone and internet.

*Violation – May 12, 2021 Collection letter*

28. On or about May 12, 2021, Real Time, on behalf of NCA, sent Plaintiff a collection letter regarding the alleged debt. See Letter attached as Exhibit A.

29. It is unclear from the Letter, but it seems that NCA at some point became the owner of the Cross River Bank debt.

30. The Letter states that NCA is the "Current Creditor".

31. However, it then states, "You are hereby notified that the collection duties associated with the above referenced account, that is the right to collect payments from you, are being transferred from NCA FINANCE PARTNERS I LLC to REAL TIME RESOLUTIONS, INC."

32. The Letter states that the right to collection on this account is being transferred from NCA to Real Time.

33. This means that NCA is no longer the creditor to whom the debt is owed.

34. The statement means, or impliedly means, that the debt is now being transferred to Real Time.

35. The Letter states, or implies, that Real time is now the name of the creditor to whom the debt is owed.

36. The Letter appears to be a notice to Plaintiff that the debt is being transferred.

37. Alternatively, if the debt is still owed to NCA, then the Letter is misleading.

38. It is unclear to whom the debt is owed.

39. The right to collect a debt belongs to the entity to whom the debt is owed.

40. If a creditor hires a third-party collector, the right to collect payments is not transferred to the collector.

41. When a debt collector is retained to collect, they only collect on behalf of the creditor.

42. When this happens, the right to collect is not transferred from the creditor to the collector.

43. Collection of the debt, as a right, belongs to the creditor.

44. The statement in the Letter do not make it clear to the Plaintiff to whom the debt is owed.

45. It is further unclear what exactly are NCA and Real Time's roles in the collections process.

46. It is deceptive not to clearly state to whom the debt is owed in a collection letter sent to a consumer.

47. The law requires that an initial collections letter must specifically and clearly state who is the current creditor.

48. Defendants failed to provide the consumer with a proper initial communication letter by failing to clearly identify to whom the debt is owed.

49. The Letter also states that the interest rate on the debt is 0.00%.

50. It then states that the "Accrued Interest" is $33.82.

51. These two numbers contradict each other.

52. It is not possible for interest to accrue on a debt if the interest rate is 0.00%.

53. If the interest rate is 0.00% then there cannot be any accruing interest.

54. If there is accruing interest then the interest rate cannot be 0.00%.

55. Defendants' Letter is therefore false, deceptive, misleading and unfair.

56. The letter is susceptible to more than on reasonable interpretation of which at least one is false, deceptive, or misleading.

57. Due to Defendants' actions, Plaintiff was confused.

58. Plaintiff was misled as to the status of the debt and to her rights.

59. Plaintiff was concerned and confused by the Letter.

60. Plaintiff was therefore unable to evaluate her options of how to handle this debt.

61. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

62. Because of Defendants' action, Plaintiff was unsure who owns the debt.

63. Plaintiff was unable to make payment because of this confusion.

64. Plaintiff is unsure if payment should be made to NCA or Real Time.

65. In addition, Plaintiff was unable to make payment because the amount of the debt was unclear.

66. Plaintiff was unsure if there was accruing interest or if the interest was static.

67. Interest is the quintessential example of an ambiguity that could cause a consumer to pay as a means of avoiding its accrual.

68. Due to Defendants' actions, the funds Plaintiff could have used to pay all or part of the alleged debt were therefore spent elsewhere.

69. In addition, Plaintiff suffered emotional harm due to Defendants' improper acts.

70. These violations by Defendants were knowing, willful, negligent and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

71. Defendants' collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

72. Defendants' deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt.

73. Defendants' actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendants' debt collection.

74. Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the letter to his detriment.

75. Plaintiff would have pursued a different course of action were it not for Defendants' statutory violations.

76. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

77. As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue to the traditional tort of fraud.

78. Plaintiff has a right to receive proper notice of the amount of debt due and in the context of validation letters, a right to receive proper notice as to whom the debt is owed.

79. Defendants failed to effectively inform Plaintiff regarding the right to collect a debt in the amount stated and to whom it is owed, in violation of the law.

80. As a result of Defendants' deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

81. Plaintiff repeats the above allegations as if set forth here.

82. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

83. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

84. Defendants violated said section, as described above, by making a false, deceptive, and misleading representations in violation of §§ 1692e, 1692e (2), and 1692e (10).

85. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

86. Plaintiff repeats the above allegations above as if set forth here.

87. Alternatively, Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

88. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

89. Defendants violated this section, including § 1692f by failing to clearly identify to whom the debt is owed and the amount of the debt.

90. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

91. Plaintiff repeats the above allegations as if set forth here.

92. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

93. Pursuant to 15 U.S.C. § 1692g:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall… send the consumer a written notice containing –…
>
> > (1) the amount of the debt;
> >
> > (2) the name of the creditor to whom the debt is owed;

94. Defendants violated this section by failing to provide the proper notice required by §1692g in an initial collection letter.

95. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

96. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff Kathleen McKee, individually and on behalf of all others similarly situated, demands judgment from Defendants Real Time Resolutions, Inc. and NCA Finance Partners I, LLC as follows:

  i. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and C. Randolph Emory, Esq., as Class Counsel;

  ii. Awarding Plaintiff and the Class statutory damages;

  iii. Awarding Plaintiff and the Class actual damages;

  iv. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

  v. Awarding pre-judgment interest and post-judgment interest; and

  vi. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: August 12, 2021

**The Emory Law Firm, P.C.**

*s/ C. Randolph Emory*
C. Randolph Emory, Esq.
Skolnick Legal Group PC
11020 David Taylor Drive, Ste 102
Charlotte, NC 28262
Ph: 704-371-4333
remory@theemorylawfirm.com


**Stein Saks, PLLC**

*s/ Eliyahu Babad*
Eliyahu Babad, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
(201) 282-6500 x121
EBabad@SteinSaksLegal.com

*Pro Hac Vice Pending*